# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN RE GLOBE LIFE INC. f/k/a | § | |
| TORCHMARK CORPORATION | § | Civil Action No. 4:24-cv-993 |
| STOCKHOLDER DERIVATIVE | § | Judge Mazzant |
| LITIGATION | § | **LEAD** |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Intervenor James E. Walker, Jr.'s Motion to Stay this Action (Dkt. #41-2) (the "Motion").[1] Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

This consolidated shareholder derivative suit arises from alleged misconduct by the directors and executives at Globe Life, Inc. As relevant here, Intervenor James E. Walker, Jr. ("Walker") filed a related shareholder derivative suit in the Texas Business Court, and he asks this Court to stay the federal action before it in favor of the state action (Dkt. #41-2). Plaintiff Plymouth County Retirement Association (for purposes of this Motion, "Plaintiff"), filed a response (Dkt. #70). Defendants also filed a response (Dkt. #73). Walker filed a reply, and Plaintiff filed a sur-reply (Dkt. #77; Dkt. #86).

The Motion is now ripe for adjudication.

## LEGAL STANDARD

A district court may stay an action in favor of a parallel state proceeding only in "exceptional circumstances." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).

---

[1] An unopposed motion for hearing was also filed, but that motion will be denied because a hearing is unnecessary.

In deciding whether exceptional circumstances exist, courts consider six relevant factors:

> 1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.

*Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006).

Courts "do not apply these factors mechanically, but carefully balance them with the balance heavily weighted in favor of the exercise of [federal] jurisdiction." *Id.* at 492 (citation modified). Federal courts possess a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Id.* at 493 (citation modified).

## ANALYSIS

### I.      A Stay is Unwarranted Under the *Colorado River* Factors.

After considering the arguments and the applicable law, the Court finds that a stay is unwarranted.[2] In the Court's view, the "facts do not overcome the 'extraordinary and narrow exception' to the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Stewart*, 438 F.3d at 493 (quoting *Colorado River*, 424 U.S. at 814). The Motion will therefore be denied on these grounds.

### II.     A Stay is Unwarranted Under Walker's Alternative Grounds.

Walker asks the Court to stay the case pursuant to its inherent authority under *Landis v. North American Co.*, 299 U.S. 248 (1936) or to decline to exercise supplemental jurisdiction over the state law claims asserted in this case.

---

[2]  The Court need not reach the issue of whether the federal and state actions are parallel because, after weighing the applicable factors, the Court finds that a stay would be unwarranted even if the actions are parallel. *See Stewart*, 438 F.3d at 492 (assuming that federal and state actions were parallel without deciding the issue). If the actions were not parallel, exercising federal jurisdiction would be mandatory, *id.* at 491 n.3, so the result is the same.

### A.      Inherent Power

Under *Landis*, the movant requesting "a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255. After considering the arguments presented, the Court finds a stay unwarranted and declines to exercise its inherent authority to stay this case. The Motion will therefore be denied on these grounds.

### B.      Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction if:

> (1)     the claim raises a novel or complex issue of State law,
> (2)     the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3)     the district court has dismissed all claims over which it has original jurisdiction, or
> (4)     in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

After considering the arguments presented, the Court is unpersuaded that it should decline to exercise supplemental jurisdiction over the state law claims in this lawsuit. The Motion will therefore be denied on these grounds.

## III.    Defendants' Request for a Stay Will Be Denied at this Stage.

In Defendants' response, they join Walker in requesting a stay (Dkt. #73). Defendants, however, ask this Court to stay the case not in favor of a state action, but another federal case before this Court, *City of Miami General Employees' & Sanitation Employees' Retirement Trust v. Globe Life Inc.*, No. 4:24-cv-376 (E.D. Tex.). Plaintiff argues, *inter alia*, that the request improperly piggybacks off of Walker's Motion in violation of Federal Rule of Civil Procedure 7 and the local rules.

Under the circumstances, the Court will exercise its discretion to interpret and enforce its local rules. Accordingly, the Court will deny Defendant's request because it was not filed as a motion with a separate proposed order. *See* LOCAL RULE CV-7(a).

## CONCLUSION

It is therefore **ORDERED** that Intervenor James E. Walker, Jr.'s Motion to Stay this Action (Dkt. #41-2) is hereby **DENIED**.

It is further **ORDERED** that Intervenor James E. Walker Jr.'s Unopposed Motion for Oral Hearing on his Motion to Stay this Action (Dkt. #90) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 22nd day of June, 2026.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE